**ST. PAUL FIRE AND MARINE INSURANCE CO., Plaintiff,**

**v.**

**UNIVERSAL BUILDERS SUPPLY, Defendant.**

**No. 00Civ.4634(KMW)(RLE).**

United States District Court, S.D. New York.

Aug. 8, 2003.

Chris Christofides, L'Abbate, Balkan, Colavita & Contini, New York City, for Plaintiff.

Justin E. Driscoll, III, Plunkett & Jaffe, PC, New York City, for Defendant.

**OPINION & ORDER**

ELLIS, United States Magistrate Judge.

On July 21, 2003, defendant Universal Builders Supply ("UBS") requested per-

mission to move to preclude plaintiff's expert witnesses, Richard Visconti ("Visconti") and Glenn P. Rentschler ("Rentschler"), on the grounds that they are former City employees, and therefore, they would violate § 2604(d)(4) of Chapter 68 of the New York City Charter by participating in this case. The Court required the parties to postpone the depositions of Visconti and Rentschler pending its consideration of the matter. Plaintiff St. Paul Fire and Marine Insurance Co. ("St.Paul") opposes this request and contends that Visconti and Rentschler would not violate the City Charter by testifying as paid expert witnesses.

Chapter 68 of the Charter sets out the Conflicts of Interest rules applicable to current and former City public servants. Section 2604(d) of Chapter 68 entitled Post–Employment Restrictions, provides in relevant part:

> No person who has served as a public servant[1] shall appear, whether paid or unpaid, before the city, *or receive compensation for any services rendered, in relation to any particular matter*[2] involving the same party or parties with respect to which particular matter such person had participated personally and substantially as a public servant through decision, approval, recommendation, investigation, or other similar activities.

*See* New York City Charter, Chapter 68, § 2604(d)(4) (Emphasis supplied). Furthermore, under Section 2606(b)-(c), anyone who violates the provisions of the Charter may be fined up to $10,000 and be prosecuted for a misdemeanor. The New York City Conflicts of Interest Board is responsible for investigating possible violations of Chapter 68 and issues advisory opinions on potential conflicts. The Board may issue waivers allowing individuals to be involved in particular matters without being penalized.

■ Visconti, the former Acting Commissioner of the New York City Department of Buildings and former Co–Chair of that department's Board of Inquiry, oversaw the City's investigation of the scaffolding collapse that is the subject of this litigation. While a City employee, he participated in preparing the Board of Inquiry Report issued in conjunction with the City's investigation. Rentschler is, and was at the time of the investigation, an engineer with the firm of Wiss, Janney & Elstner Associates, Inc. ("Wiss Janney"). Wiss Janney was retained by the City Department of Buildings to participate in the above-mentioned investigation, and Rentschler became involved in that regard. A copy of the contract with the Department of Buildings has been provided to the Court, and it indicates that Wiss Janney entered into such contract as an independent contractor, not as an employee of the City. No evidence has been provided to the Court that Rentschler was personally retained by or paid directly by the City. Accordingly, the Court finds that he was not a public servant or employee of the City. However, the Court finds that Visconti, a former public servant who worked on the same matter for the City that is the subject of this litigation, may violate Sec-

---

**1.** "Public servant" means "all officials, officers and employees of the city, including members of community boards and members of advisory committees ..." New York City Charter, Chapter 68, § 2601(19).

**2.** "Particular matter" means "any case, proceeding ... determination, contract limited to the duration of the contract ... investigation ... or other similar action which involves a specific party or parties, including actions leading up to the particular matter ..." Chapter 68, § 2601(17).

tion 2604(d)(4) of the Charter by participating as an expert witness.

In view of the foregoing, **IT IS HEREBY ORDERED THAT**

(1) UBS's request to file a motion to preclude is **DENIED;**

(2) the parties proceed with Rentschler's deposition, given that his employment as an expert witness presents no issue with respect to the City's Conflicts of Interest laws;

(3) St. Paul and/or Visconti must obtain a waiver or advisory opinion from the New York City Conflicts of Interest Board in order to proceed with Visconti's expert testimony; and

(4) the deadline for expert discovery is reset for **October 8, 2003.**